IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Civil Action No. 3:16-cv-792

| | |
|---|---|
| LIFE INSURANCE COMPANY OF THE SOUTHWEST, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) **STIPULATED CONFIDENTIALITY**<br>) **ORDER**<br>) |
| CAROLYN CURETON PATTERSON and REZONIA BAKER, | )<br>)<br>) |
| Defendants. | )<br>) |

In the interest of protecting confidential information while also permitting efficient discovery in the above-captioned case (the "Action"), the Court enters this Stipulated Confidentiality Order ("Order") agreed to by the parties.

1. The term "Party" as used herein includes the parties to this Action as well as any other persons or entities providing documents or information in response to any subpoena or other discovery request in this Action. "Receiving Party" includes the party to this Action who issued the discovery request and any other Party.

2. The documents and information produced in this case, even if not designated confidential, shall be used by the Receiving Party only for purposes of prosecuting or defending this Action.

3. A Party may designate as "Confidential" any testimony, documents, discovery responses, records, or information served or produced by that Party in response to formal discovery demands, disclosures, or subpoenas, which the Party so designating

in good faith asserts contain, reflect, refer to, disclose, or constitute any information protected by the Health Insurance Portability and Accountability Act, 15 U.S.C. § 6802(e)(8), other state or federal law, or any trade secrets, confidential, financial, business, client, or proprietary information. Material or information designated as Confidential pursuant to this order may be referred to herein as "Confidential Information." In order to designate documents, records, or information as Confidential, the producing Party shall stamp each page of such material as "Confidential" and, in the case of information produced in electronic format, the producing Party shall stamp the CD, flash driver, or email containing the electronic data as "Confidential," or take other steps reasonably designed to apprise the Receiving Party that the material is so designated pursuant to this Order. If the material produced contains both Confidential and non-Confidential documents or information, the producing Party shall identify with reasonable particularity which documents or information is Confidential.

4. The Parties shall not disclose or use any Confidential Information other than for purposes of this Action and in accordance with the terms and conditions of this Order. Nothing in this Order shall preclude a Party from using or disclosing its own Confidential Information or documents in any manner it sees fit. Prior to obtaining access to Confidential information, any person to whom Confidential information may be disclosed, except the Court and its personnel and outside counsel of record, shall be shown and shall read a copy of this Order and shall agree in writing to be bound by its terms by signing a copy of the Confidentiality Acknowledgment annexed hereto as Exhibit A ("Confidentiality Acknowledgment A"). Counsel for the party obtaining a

person's signature on the Confidentiality Acknowledgment shall retain the original signed acknowledgment, and, if a Court so orders, shall provide a copy of the signed acknowledgment to all counsel of record.

    5. Confidential Information may be disclosed only to the following:

(a) The counsel of record for the parties to this Action and their employees, contractors, and agents to whom it is necessary that such information be shown for purposes of conducting the Action;

(b) Experts and consultants retained by counsel for the Receiving Party for the conduct of the Action so long as they are given a copy of this Agreed Order, and execute an acknowledgment in the form attached- hereto agreeing to be bound by this Agreed Order;

(c) The parties to this Action and their officers, employees, agents, and representatives, who assist counsel of record in the conduct of the Action;

(d) Deponents in this Action at their depositions and such court reporting personnel only to the extent necessary for purposes of conducting the Action; and

(e) Third-party witnesses to whom it is necessary that such information be shown for purposes of conducting the Action, as long as they are given a copy of this Agreed Order, and execute an acknowledgment in the form attached hereto agreeing to be bound by this Order;

(f) The Court (including Court personnel and jurors) in accordance with the provisions of this Order;

(g) Pursuant to the terms of a court order, subpoena, or request by regulators, auditors, or law enforcement. Any person receiving a subpoena or other request calling for the production of Confidential Information shall refuse to produce the Confidential Information and notify the Party who designated the information as Confidential of the receipt of the subpoena or other request calling for the Confidential Information.

    6. Confidential Information may be filed electronically with the Court and designated "under seal" pursuant to LCvR 6.1 and 7.1.

7. Confidential Information may be used in deposition proceedings in the Action and marked as exhibits to depositions only as follows: (a) If a Party asserts confidentiality with respect to all or any portion of deposition testimony and/or deposition exhibits, that Party shall, during the deposition or within twenty business days after the deposition transcript is received by the Party, designate in writing to opposing counsel with specificity the portions of the deposition and/or deposition exhibits with respect to which confidentiality is asserted. The deposition and exhibits shall be deemed Confidential Information during the pendency of such twenty business days or until such written designation is made, whichever event occurs first. A Party may make a confidentiality designation later, but until such designation is made, any other Party is not obligated to treat such info1mation as Confidential Information and following such designation it shall be the designating party's responsibility to take any necessary steps to retrieve or seal info1mation disclosed following the twentieth business day and prior to the later designation as confidential.

8. The fact that any materials are designated "Confidential" pursuant to this Order shall not affect or operate as a means of objection to the admissibility of any such material. The fact that materials are designated as "Confidential" pursuant to this Order shall not affect what a trier of fact in the Action or any other proceeding may find to be confidential or proprietary. Any Party to this action may challenge the designation of a document or testimony or portion thereof as "Confidential." The challenging Party shall not be obliged to challenge the proprietary of a "Confidential" designation at the time made, and failure to do so shall not preclude a subsequent challenge thereto. In the event

that any Party to this Action takes issue at any stage of these proceedings at or before trial with such designation, such Party shall provide to the producing Party written notice of its disagreement with a designation. The Parties shall confer to determine whether the dispute can be resolved without the need for Court intervention. If the dispute cannot be resolved by mutual agreement, the Party challenging the designation may seek ruling on its challenge from the Court by motion, giving at least seven (7) days advance written notice to the producing Party. The fact a document has been designated as "Confidential" shall not prejudice a Party's right to move the Court to challenge the designation of the document as "Confidential," and in connection with the Court's review of the designation, the burden of establishing that the document should be treated as Confidential Information shall remain on the Party making the designation.

9. Neither the taking of, nor the failure to take, any action to challenge any designation of confidentiality pursuant to this Order or to enforce the provisions of this Order shall constitute a waiver of any right, claim, or defense by a Party in this Action.

10. Nothing in this Order shall preclude any Party from moving this Court to modify this Order or seeking any alternative or additional protection with respect to the use and disclosure of any documents or materials.

11. Within thirty (30) days of receipt of written request by the producing Party, after final termination, settlement, or dismissal of this Action, counsel for a Party who has received Confidential Information from such producing Party will return all such Confidential Information in its possession, custody, or control, and all portions, summaries, abstracts, indices, or copies thereof (except to the extent that any of the

foregoing includes or reflects such counsel's work product) to counsel for the Party who provided them, or will certify in writing to counsel for the Party who provided them that all of such Confidential Information has been destroyed or will be maintained as Confidential pursuant to this order. The requirements of this Order shall survive the termination of this Action.

12. This Order may be amended or modified only by written stipulation of the affected parties or by order of this Court.

**SO ORDERED**.

Signed: February 24, 2017

David S. Cayer
United States Magistrate Judge

CONSENTED TO:


/s/Lisa Shortt
Lisa Shortt
*Attorney for Plaintiff*



/s/Derek Paul Adler
Derek Paul Adler
*Attorney for Defendant Cross-Defendant*
*Carolyn Cureton Patterson*



/s/Harrison A. Lord
Harrison A. Lord
*Attorney for Defendant Cross-Claimant*
*Rezonia Baker*

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Civil Action No. 3:16-cv-792

| | |
|---|---|
| LIFE INSURANCE COMPANY OF THE SOUTHWEST, | ) ) ) |
| Plaintiff | ) ) |
| v. | ) ) |
| CAROLYN CURETON PATTERSON and REZONIA BAKER, | ) ) ) |
| Defendants | ) ) |

## **CONFIDENTIALITY ACKNOWLEDGMENT**

I, _____, being duly sworn on oath, state the following:

1. I have read and understand the Order to which this Exhibit A is annexed and I attest to my understanding that access to information designated Confidential may be provided to me and that such access is pursuant to the terms and conditions and restrictions of the Order. I agree to be bound by the terms of the Order. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of this Confidentiality Acknowledgment and the Order.

2. I shall not use or disclose to others, except in accordance with the Order, any Confidential information. I also shall return all Confidential information provided to me in this litigation to case counsel for the party I represent within sixty (60) days after

the conclusion of this action, including the exhaustion of all appeals. If I fail to abide by the terms of this Confidentiality Acknowledgment or the Order, I understand that I may be subject to sanctions under the contempt power of a Court, which includes the power to impose compensatory damages to remedy contemptuous conduct.

Dated: _____

_____
Signature

_____
Printed Name

_____
_____
Address

_____
Individual or Entity Represented

Subscribed and sworn to before me this ____ day of _____, 2017.

_____
Notary Public
My Commission Expires:_____